IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S. STANLEY YOUNG, *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Defendants*. | No. 1:21-CV-2623-TJK |

**PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT AND STAY OF PROCEEDINGS**

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs respectfully request that the Court enter partial final judgment on Counts V–VIII of the amended complaint, which would permit Plaintiffs to appeal the Court's judgment for Defendants as to those claims, and stay proceedings related to Counts I–IV pending resolution of the appeal. A proposed order is attached. Plaintiffs' counsel conferred with Defendants' counsel regarding this motion on October 21, 2021. Defendants take no position on the motion at this time. Defendants intend to review the motion and file a response stating their position.

## ARGUMENT

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one

or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Rule 54(b) "affords considerable discretion to the district courts in making the certification decision," *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998), and "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case," *Attias v. CareFirst, Inc.*, 969 F.3d 412, 416 (D.C. Cir. 2020) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)).

Rule 54(b) establishes three requirements for an otherwise interlocutory order to be certified as a partial final judgment: (1) the order must resolve a "distinct claim for relief," (2) the order must be "final" with respect to that claim, and (3) the district court must expressly and properly determine that there is "no just reason for delay." *Id.* (cleaned up). Each requirement is satisfied here.

1. The Court's Order, ECF No. 37, resolved "distinct claim[s] for relief" by entering summary judgment for Defendants on Counts V–VIII of the amended complaint, *Attias*, 969 F.3d at 416. These claims are distinct because they could have been brought separately from Counts I–IV without violating the rule against splitting claims, *see id.* at 417; *Tolson v. United States*, 732 F.2d 998, 1001 (D.C. Cir. 1984), which "'requires that all claims arising out of a single wrong be presented in one action,'" *Coulibaly v. Pompeo*, 318 F. Supp. 3d 176, 182 (D.D.C. 2018); *see Attias*, 969 F.3d at 418 (asking whether the "claims arise from the same transaction and

occurrence"). Counts V–VIII do not arise from the same "wrong," "transaction," or "occurrence" as the one at issue in Counts I–IV. The former claims challenge the Administrator's decision to reconstitute the Clean Air Scientific Advisory Committee (CASAC), *see* ECF No. 17, ¶¶ 105–33, while the latter claims challenge the Administrator's decision to reconstitute the Science Advisory Board (SAB), *see id.* ¶¶ 76–104. Because these reconstitutions were different agency actions that involved different committees, relied on different administrative records, and inflicted different injuries, *see* ECF No. 21-2 at I–II, they were distinct wrongs that give rise to distinct claims, *see Coulibaly*, 318 F. Supp. 3d at 182; *see, e.g.*, *Matson Navigation Co., Inc. v. U.S. Dep't of Transp.*, 480 F. Supp. 3d 282, 286–87 (D.D.C. 2020) (holding that a count challenging two related but ultimately "separate" agency actions gave rise to two distinct claims).

**2.** The Court's Order was "final" with respect to Counts V–VIII. *Attias*, 969 F.3d at 416. "A judgment is 'final' for purposes of Rule 54(b) if it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Am. Forest Res. Council v. Ashe*, 301 F.R.D. 14, 18 (D.D.C. 2014) (quoting *Sears*, 351 U.S. at 436). By granting summary judgment to Defendants on Counts V–VIII, the Court ultimately disposed of those claims. "Nothing remains to be decided on [Counts V–VIII]," and "unless and until [they] are appealed, no further court action will take place [concerning them]." *Id.* (quotation marks omitted). Thus, the Court's disposition of Counts V–VIII was final.

3.  Based on the "judicial administrative interests [and] equities involved," there is "no just reason [to] delay" the entry of partial final judgment. *Attias*, 969 F.3d at 416 (cleaned up). An appeal of the Court's decision as to the CASAC claims is the most efficient path forward for both the judiciary and the parties because it will govern this Court's resolution of the readily "separable" SAB claims, *Bldg. Indus. Ass'n*, 161 F.3d at 744, and will not lead to "multiple appeals on the same issues," *Attias*, 969 F.3d at 417; *see Matson Navigation Co.*, 480 F. Supp. 3d at 287.

For instance, the Court's interpretation of the "fairly balanced" requirement of the Federal Advisory Committee Act is law of the case that must be applied in resolving Plaintiffs' claims as to the SAB. It would not be efficient for either the Court or the parties to expend time and resources litigating the SAB claims now, because an appeal to the D.C. Circuit could materially impact the Court's resolution of the SAB claims. If, for example, the D.C. Circuit reverses this Court's interpretation of the "fairly balanced" requirement as to the CASAC claims, the Court would need to apply that precedent in resolving the SAB claims. Likewise, if the D.C. Circuit affirms, litigating the SAB claims may prove unnecessary. Either way, because the D.C. Circuit's resolution of the exclusively legal issues in this APA case would govern any subsequent proceedings, "no appellate court would have to decide the same issues more than once." *Bldg. Indus. Ass'n*, 161 F.3d at 744.

Moreover, without an immediate appeal as to the CASAC claims, Plaintiffs will be prejudiced because they will continue to be barred from participating in the CASAC's recommendations on impending rulemakings, particularly the final rule

revising the particulate-matter NAAQS that EPA plans to issue in 2023. *See* ECF No. 38 at 3. Plaintiffs do not have a comparably urgent need for resolution of the SAB claims.

On the other side of the ledger, the government will not be prejudiced by an immediate appeal. To the contrary, due to the impending rulemaking on the particulate-matter NAAQS, the government's interests in fact will be advanced by immediate appellate resolution of Plaintiffs' CASAC claims. If the D.C. Circuit reverses this Court's decision on those claims, the immediate appeal will have minimized the potential "waste" of the "work that [CASAC and EPA] ha[ve] done" on the particulate-matter rulemaking. *Am. Forest Res. Council*, 301 F.R.D. at 19; *see* ECF No. 32 at 9 (noting that the CASAC "may need to start over" in developing recommendations for EPA if the reconstitution is held unlawful). And if this Court's ruling becomes final on appeal, the immediate appeal will have enabled EPA to "proceed with the [particulate-matter] rulemaking without the cloud of a possible reversal." *Am. Forest Res. Council*, 301 F.R.D. at 19. As a result, "all parties benefit from a prompt appellate resolution of the [CASAC] claims." *Id.*

## CONCLUSION

For these reasons, the Court should expressly determine that there is no just reason for delay, *see Attias*, 969 F.3d at 417, enter partial final judgment for Defendants as to Counts V–VIII of the amended complaint, and stay proceedings in this Court related to Counts I–IV pending resolution of the appeal.

5

Dated: October 21, 2022                    Respectfully submitted,

*/s/ Brett A. Shumate*
Brett A. Shumate (D.C. Bar No. 974673)
Stephen J. Kenny (D.C. Bar No. 1027711)
Joseph P. Falvey (D.C. Bar No. 241247)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, a true and correct copy of the foregoing Motion for Entry of Partial Final Judgment and Stay of Proceedings was filed using the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Brett A. Shumate*
Brett A. Shumate

*Counsel for Plaintiffs*
