UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S. STANLEY YOUNG *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY *et al.*, <br><br> *Defendants*. | Civil Action No. 21-2623 (TJK) |

## ORDER

Before the Court is Plaintiffs' Motion for Entry of Partial Final Judgment and Stay of Proceedings. ECF No. 40. That Motion followed this Court's recent Order, ECF No. 37, granting partial summary judgment for Defendants on Counts V–VIII of Plaintiffs' Amended Complaint, ECF No. 17. Those claims concerned the Clean Air Scientific Advisory Committee ("CASAC"). ECF No. 17 at 2. Plaintiff's remaining claims, Counts I–IV, concern the Science Advisory Board ("SAB"). *Id.*

Plaintiffs ask this Court to "enter partial final judgment for Defendants as to Counts V–VIII of the amended complaint[ ] and stay proceedings in this Court related to Counts I–IV pending resolution of the appeal." ECF No. 40 at 5. Defendants "take no position" on the entry of partial final judgment but agree a stay is warranted if the court does so. ECF No. 41 at 1. The Court will grant the Motion.

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there

is no just reason for delay." This determination weighs both "justice to the litigants" and "the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6, 8 (1980); *see also Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 806 (D.C. Cir. 2010). Courts that enter final judgment under Rule 54(b) should supply a "statement of reasons" explaining why there is no just reason for delay. *Taylor v. F.D.I.C.*, 132 F.3d 753, 761 (D.C. Cir. 1997).

First, the factors affecting "justice to the litigants" are case specific. *Curtiss-Wright Corp.*, 446 U.S. at 8. Here, Plaintiffs wish to resolve their CASAC claims conclusively before that committee issues certain recommendations in 2023. ECF No. 40 at 4–5. Defendants may also benefit from a prompt resolution of those claims, *id.* at 5, and they do not oppose Plaintiffs' request for partial final judgment, ECF No. 41 at 1. Therefore, the Court concludes that entering final judgment on the CASAC claims best promotes "justice to the litigants."

Second, the factors pertaining to judicial administration include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court [will] have to decide the same issues more than once even if there [are] subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. Both of those factors favor final judgment here. The CASAC and SAB claims are separable from each other because they arise from different agency actions and allege distinct legal wrongs. *See Matson Navigation Co. v. U.S. Dep't of Transp.*, 480 F. Supp. 3d 282, 286–87 (D.D.C. 2020). And a subsequent appeal of the SAB claims would not require the appellate court to decide the same issues considered in an appeal of the CASAC claims because the principal legal question common to both sets of claims—the meaning of the Federal Advisory Committee Act's "fairly balanced" requirement—will already have been resolved. ECF No. 40 at 4; *see also* ECF No. 38 at 8–12; 5 U.S.C. app. 2 § 5(b)(2). The "D.C. Circuit's decision on the matter would be final," so even a

subsequent appeal would not require a duplicative decision. *Jewler v. District of Columbia*, 198 F. Supp. 3d 1, 4 (D.D.C. 2016). Therefore, partial final judgment on the CASAC claims is in the interest of sound judicial administration.

Accordingly, the Court will direct the entry of final judgment as to Counts V–VIII and finds that there is no just reason to delay an appeal of those claims. Upon consideration of the parties' consent, and for good cause shown, the Court will also stay proceedings pending appeal.

It is hereby **ORDERED** that Plaintiffs' Motion for Entry of Partial Final Judgment and Stay of Proceedings, ECF No. 40, is **GRANTED**. Partial final judgment on Counts V–VIII of Plaintiffs' Amended Complaint is hereby **ENTERED** for Defendants under Rule 54(b). The case is hereby **STAYED** pending resolution of the appeal of Counts V–VIII.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 2, 2022